Magistrate Judge Mary Alice Theiler

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

BAOKE ZHANG,

Defendant.

CASE NO. MJ20-269

COMPLAINT for VIOLATIONS OF

Title 18, United States Code, Sections 2, 1343, 1344(2)

BEFORE, Mary Alice Theiler, United States Magistrate Judge, U. S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE
### (Wire Fraud)

From in or about April 2020 through in or about May 2020, at Issaquah, in the Western District of Washington and elsewhere, BAOKE ZHANG knowingly devised and intended to devise a scheme and artifice to defraud the United States, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and attempted to do so.

//
//

COMPLAINT/*United States v. Baoke Zhang* - 1
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

A. Manner and Means

1. It was part of the scheme to defraud that BAOKE ZHANG submitted three different loan applications to two different lenders seeking more than $1.5 million in funds under the Paycheck Protection Program.

2. BAOKE ZHANG submitted the loan applications in the name of sham entities and included in those loan applications multiple materially false statements and documents, including, but not limited to:

   a. A loan application that claimed that the ZHANG entity had been in business since at least February 2020;

   b. A loan application that claimed that the business was assigned an Employer Identification Number in 2017; and

   c. A loan application that claimed that the business had an average monthly payroll of $240,000 and at least 25 employees.

B. Execution

On or about April 19, 2020, at Issaquah, in the Western District of Washington, and elsewhere, BAOKE ZHANG, for the purpose of executing the scheme described above cause to be transmitted by means of wire communication in interstate commerce from a place within the State of Washington to a place outside of the State of Washington, writing, signals, and sounds, to wit: a Paycheck Protection Program loan application in the name of Baoke Zhang.

All in violation of Title 18, United States Code, Section 1343 and 2.

## COUNT TWO
### (Bank Fraud)

From in or about April 2020 through in or about May 2020, in the Western District of Washington and elsewhere, BAOKE ZHANG knowingly executed, and attempted to execute, a scheme to obtain monies owned and under the care, custody, and control of Financial Institution 1, a federal insured financial institution as defined by Title 18, United

COMPLAINT/United States v. Baoke Zhang - 2
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States Code, Section 20, by means of false and fraudulent pretenses, representations, and promises.

A. Manner and Means

1. It was part of the scheme to defraud that BAOKE ZHANG submitted two different loan applications to Financial Institution 1 seeking approximately $925,000 in funds under the Paycheck Protection Program.

2. BAOKE ZHANG submitted the loan applications in the name of sham entities and included in those loan applications multiple materially false statements and documents, including but not limited to:

   a. A loan application that claimed that the ZHANG entity had been in business since at least February 2020;

   b. A loan application that claimed that the business was assigned an Employer Identification Number in 2018; and

   c. A loan application that claimed that the business had an average monthly payroll of $130,000 and at least 20 employees;

B. Execution

On or about April 23, 2020, at Issaquah, in the Western District of Washington and elsewhere, BAOKE ZHANG submitted a loan application in the name of Cloud Optimization, LLC, to Financial Institution 1, and that loan application contained materially false statements.

All in violation of Title 18, United States Code, Section 1344 and 2.

And the complainant states that this Complaint is based on the following information:

I, COLE ASHCRAFT, being first duly sworn on oath, depose and say:

1. I am a Special Agent with the Treasury Inspector General for Tax Administration (TIGTA) and have been since December 2019. Prior to that, I was a Special Agent with the U.S. Postal Service Office of Inspector General since 2013 and was assigned to their Computer Crimes Unit for the majority of that time. I have received

COMPLAINT/*United States v. Baoke Zhang* - 3
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

formal training in both computer science and the investigation of computer crimes, including network intrusions and computer forensics. I have investigated or assisted in the investigation of numerous cases involving fraudulent activity in connection with computers. I am currently assigned to TIGTA's Cybercrime Investigations Division and the FBI Washington, D.C. Field Office Cyber Task Force. I investigate violations of federal laws regarding the programs and operations of the Internal Revenue Service (IRS) and Federal tax administration. I have been a sworn law enforcement officer during all times herein.

2. The information contained in this Complaint is the result of my own investigation as well as information provided to me by others, including other investigators and law enforcement officers. In each instance when I recite information from such others, I have gained that information either by talking directly to such investigators and law enforcement officers or reviewing written reports of their investigation, or both. This Complaint accurately summarizes some of the evidence I discovered during my investigation; it does not, however, contain every detail known to me about the investigation.

## FACTS ESTABLISHING PROBABLE CAUSE

*The Paycheck Protection Program*

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

4. In order to obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan

COMPLAINT/*United States v. Baoke Zhang* - 4
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

5.    A PPP loan application must be processed by a participating financial institution (the lender). If a PPP loan application is approved, the participating financial institution funds the PPP loan using its own monies, which are 100% guaranteed by Small Business Administration (SBA). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA in the course of processing the loan.

6.    PPP loan proceeds must be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expense items within a designated period of time (usually eight weeks of receiving the proceeds) and uses at least 75% of the PPP loan proceeds on payroll expenses.

*BAOKE ZHANG and Related Entities*

7.    BAOKE ZHANG is a legal permanent resident of the United States and holds a valid Chinese passport. According to information obtained in the investigation, ZHANG resides in Issaquah, Washington. Based on a publicly available LinkedIn profile believed to belong to ZHANG, ZHANG is a software engineer.

8.    According to records obtained from the IRS, an Employer Identification Number ("EIN") was applied for and assigned to a sole proprietorship in ZHANG's name, Baoke Zhang dba Baoke Zhang, ("the Zhang sole proprietorship"), on or about April 3, 2020. According to internet service provider records, the IP address from which the EIN

COMPLAINT/*United States v. Baoke Zhang* - 5
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

was obtained ("the Zhang IP address") is subscribed to ZHANG at ZHANG's Issaquah, Washington address. According to IRS records, it is the same IP address that has been used to access ZHANG's personal tax information on IRS websites since 2017.

    a.    According to records from the Washington State Department of Revenue ("DOR"), a business license was applied for in the name of the Zhang sole proprietorship on or about April 8, 2020. The license was issued on or about April 17, 2020. The application lists ZHANG as the owner of the business, ZHANG's residence as the business address, and Phone Number 1 as the business phone number. It also reports $0 to $12,000 in estimated annual income in Washington State, reports no employees in the city where the business is located, and claims to have been in operation in Washington State since in or about November 2017. According to information obtained from the Washington State Economic Security Department ("ESD"), the state agency with which businesses register for the purpose of employer-paid state unemployment tax and paid leave benefits, the agency has no record of the Zhang sole proprietorship.

9.    According to records obtained from the IRS, an EIN was applied for and assigned to an entity named Cloud Optimization LLC ("Cloud Optimization") on or about April 21, 2020. According to IRS and internet service provider records, the Zhang IP address was used to obtain the EIN. According to records and information obtained from the Washington State Secretary of State ("SOS"), ESD, and DOR, the agencies have no record of Cloud Optimization.

*PPP Loan Applications Submitted for the Zhang Sole Proprietorship and Cloud Optimization*

10.    The government has obtained copies of three applications for PPP loans totaling more than $1.5 million that each bear a signature in ZHANG's name and were submitted to two SBA-approved lenders, Lender 1 and Lender 2, in or about April 2020. The applications were submitted to the lenders from the Zhang IP address.

11.    One application was submitted on behalf of the Zhang sole proprietorship to Lender 1, a publicly traded real estate investment trust with its primary offices in New

COMPLAINT/*United States v. Baoke Zhang* - 6
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

York, Texas, and New Jersey, that participates in the SBA's PPP loan program as an SBA Preferred Lender. A Preferred Lender is a lender that's been pre-approved by the SBA to accept applications for, underwrite, and disburse SBA loans with little to no SBA involvement. These lenders have demonstrated their proficiency in SBA guaranteed loan programs and processes.

12. Two additional applications were submitted to Lender 2, which forwarded the applications to Financial Institution 1, an FDIC-insured, state-chartered industrial bank headquartered in Salt Lake City, Utah, that is an approved SBA lender, for funding. One application was submitted in the name of the Zhang sole proprietorship and one was submitted in the name of Cloud Optimization. According to information obtained from a Lender 2 representative, Lender 2 collects all PPP loan application documents and reviews them. Once the application package is complete, the applicant digitally signs the package and it is forwarded to Financial Institution 1, the actual lender. The servers that initially accept the loan documentation from the applicant are located in Oregon.

13. The applications sought loans in the following amounts for the following entities:

| Entity Name | Lender | Loan Amount | Approximate Date of Application |
|---|---|---|---|
| Baoke Zhang dba Baoke Zhang | Lender 1 | $600,000 | April 10, 2020 |
| Baoke Zhang dba Baoke Zhang | Lender 2/Financial Institution 1 | $600,000 | April 19, 2020 |
| Cloud Optimization | Lender 2/Financial Institution 1 | $325,000 | April 23, 2020 |

14. Each application identified ZHANG as the "Primary Contact" and 100 percent owner of the entity listed on the relevant application. Each application also identified ZHANG by his social security number and the residential address described above. A copy of a Washington State driver's license in ZHANG's name and with his identifying information, including the residential address described above, also was submitted with each application.

COMPLAINT/*United States v. Baoke Zhang* - 7
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. Financial records, public records, and phone records obtained during the investigation show that each of the applications submitted under ZHANG's name included multiple materially false statements about the eligibility of each of the entities for PPP loans. Specifically, while each application and records provided in support of it purported to claim and show that the entities had been in business as of February 15, 2020, and had paid employees—requirements for eligibility—each entity was created in or about April 2020 and had no identifiable employment expenses.

*Fraudulent PPP Loan Application Submitted to Lender 1*
*for the Zhang Sole Proprietorship*

16. According to records provided by Lender 1, ZHANG digitally signed an application package in support of a $600,000 PPP loan for the Zhang sole proprietorship and submitted it to Lender 1 from his subscribed IP address on or about April 10, 2020.

17. Lender 1 provided the government the SBA Form 2483 submitted with the package and bearing the signature of ZHANG. To support the loan amount, the application represented that the sole proprietorship had an average monthly payroll of $240,000 and 25 employees. ZHANG also certified that the sole proprietorship "was in operation on February 15, 2020 and has employees for whom it paid salaries and payroll taxes or paid independent contractors." As described further herein, evidence obtained in the investigation demonstrates that this certification was false.

18. Lender 1 has provided several documents it received in support of the application, including purported IRS records and a purported payroll detail report from an online payroll system. A review of those documents and records and information obtained from the IRS and ESD demonstrate that the documents provided to Lender 1 were falsified and included materially false statements about the sole proprietorship's operations.

   a. An IRS Notice CP 575, which notifies applicants of the assignment of an EIN, was submitted with the application package. The CP 575 submitted to Lender 1 stated that the EIN for the Zhang sole proprietorship was assigned on April 3, 2017. As described above, that EIN was actually assigned by the Modernized Internet EIN

COMPLAINT/*United States v. Baoke Zhang* - 8
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

application (MODIEIN)—an application on the IRS website that allows businesses to apply for EINs online—on April 3, 2020, not 2017. The IRS includes a timestamp in the file names of MODIEIN-generated Notice CP 575s. The file name of the electronic copy of the Notice CP 575 provided to Lender 1 included this timestamp. The timestamp reflects the notice was issued on April 3, 2020, not in 2017 as represented. The submitted Notice CP 575 file also lacked certain technical data encoded in MODIEIN-generated Notice CP 575s, indicating it was not a genuine notice or had been modified after being downloaded from MODIEIN.

  b. An IRS Form 941, an Employer's Quarterly Federal Tax Return, was submitted with the application package purporting to report wages and federal payroll tax information for the sole proprietorship for the fourth quarter of 2019. According to the form, the Zhang sole proprietorship had 25 employees in the fourth quarter and paid wages, tips, and total compensation totaling $717,560.38. Based on a search of available IRS records related to the EIN associated with the Zhang sole proprietorship, no such IRS Form 941 has been submitted to the IRS.

  c. A Form 1040 with attachments, signed with a signature in ZHANG's name and dated March 3, 2020, was submitted with the application package purporting to be ZHANG's personal income tax return for 2019. Included in the attachments was a Schedule C, which reports profits and losses of a sole proprietorship. The Schedule C purported to report approximately $138,700 in profit in 2019 for the Zhang sole proprietorship. Based on a search of available IRS records related to ZHANG and the EIN associated with the Zhang sole proprietorship, no such Schedule C has been submitted to the IRS.

  d. A document purporting to be a record from an online payroll system was submitted with the application package listing payroll detail records for 25 employees for calendar year 2019. According to the document submitted, the Zhang sole proprietorship incurred more than approximately $2.8 million in payroll in 2019. According to the document, expenses for many employees included payments for "WA

COMPLAINT/*United States v. Baoke Zhang* - 9

Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

SUI" and "WA PFML ER." Based on publicly available information, "WA SUI" is believed to refer to Washington State unemployment tax payments and "WA PFML ER" is believed to refer to Washington State paid family medical leave benefits. As described above, ESD, the Washington State agency that maintains records of such payments, has no record of the Zhang sole proprietorship.

19. In addition to the records provided in support of the loan application, Lender 1 has provided email correspondence with Email Address 1, the email address listed on the application it received. The individual using the account identified himself in correspondence as "Baoke" and used the account to make additional false statements to Lender 1 in support of the application.

   a. On or about May 4, 2020, a representative of Lender 1's loan underwriter emailed Email Address 1 and stated, in part:

   > Good morning, Baoke, . . . There's a discrepancy in some information we hope you could clear up for us: The SBA records show your EIN ending 1741 was established 4/3/2020[.] However, the 2019 Tax information provided (returns, 941's) shows the same EIN ending 1741 already in use last year. Would you be able to explain the discrepancy between these two dates? When was this EIN actually established? Please provide your SS4 from the IRS showing the date the EIN was established. Please reply by 5PM EST today, or we will have to decline your file.

   b. Later the same day, a response sent from Email Address 1 and signed by "Baoke" stated in part:

   > Good morning. Thank you so much for reaching out. I am sorry to forget keeping [Lender 1] update. There are some change in situation with my business in last a few days, and don't need this loan. I would like to withdraw and cancel my ppp loan application. Could you help cancel my loan application with SBA? So the loan can be available to other small business who urgently need it. Regarding the SBA EIN number, I don't know why SBA record incorrectly show the date. My business and EIN date back to 2017. Please see attached SS4. Again thank you and [Lender 1] for assistance during the process. I have declined the loan doc. Thank you and have a nice day.

COMPLAINT/*United States v. Baoke Zhang* - 10
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

An IRS Notice CP 575 was attached to the email which purported to show that the EIN for the Zhang sole proprietorship was issued on April 3, 2017. As described above, this document was falsified.

20. Based on the discrepancy in the records and the response it received in the email correspondence with Email Address 1, Lender 1 never approved the PPP loan to the Zhang sole proprietorship.

*Fraudulent PPP Loan Application Submitted to Lender 2 and Financial Institution 1 for the Zhang Sole Proprietorship*

21. According to records provided by Lender 2, ZHANG digitally signed an application package in support of a $600,000 PPP loan for his sole proprietorship and submitted it to Lender 2 from the Zhang IP address on or about April 19, 2020.

22. Lender 2 provided the government the SBA Form 2483 submitted with the package and bearing the signature of ZHANG. To support the loan amount, the application represented that the sole proprietorship had an average monthly payroll of $240,000 and 25 employees. ZHANG also certified that the sole proprietorship "was in operation on February 15, 2020 and has employees for whom it paid salaries and payroll taxes or paid independent contractors." As described further herein, evidence obtained in the investigation demonstrates that this certification was false.

23. Lender 2 also provided the government a loan agreement signed in ZHANG's name on or about April 19, 2020, between ZHANG and Financial Institution 1. The loan agreement identified Financial Institution 1 as the lender and an FDIC-insured institution and included a certification by ZHANG that the information related to the application was complete and correct. As described further herein, evidence obtained in the investigation demonstrates that this certification was false.

24. Lender 2 has provided several documents it received in support of the application for the Zhang sole proprietorship. Most of them are the same false documents provided to Lender 1 described above, including the falsified CP 575 purporting to show the entity's EIN was issued in 2017, the falsified Form 941 for the fourth quarter of 2019,

COMPLAINT/*United States v. Baoke Zhang* - 11
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the false Schedule C, and the payroll detail report purporting to show payments of Washington State unemployment taxes and paid leave benefits in 2019 of which ESD has no record.

25. In addition, Lender 2 has provided documents it received in support of the application that were not part of the application package provided by Lender 1 in relation to the first loan application for the Zhang sole proprietorship. A review of records and information from the IRS, ESD, and DOR show that these too were falsified and contained false statements.

    a. Additional Forms 941, for the first three quarters of 2019, were submitted with the application package purporting to show the entity had 25 employees for which it paid wages, tips, and compensation in each quarter. Based on a search of available IRS records related to the EIN associated with the Zhang sole proprietorship, no such Forms 941 have been submitted to the IRS.

    b. The loan application package included what purported to be a payroll detail report from an online payroll system for 2020 showing the payment of Washington State unemployment taxes and paid leave benefits for many employees. As described above, according to information obtained from ESD, it has no record of the entity ever having registered or made such payments.

    c. The loan application package included a document purporting to be from the Washington State Business Licensing Service stating that the Zhang sole proprietorship's business license had been renewed on or about February 8, 2020. As described above, records from DOR show that the Zhang sole proprietorship first applied for a business license on or about April 8, 2020.

26. After Financial Institution 1 learned of the government's investigation, it did not fund the loan.

//
//

COMPLAINT/*United States v. Baoke Zhang* - 12

Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Fraudulent PPP Loan Application Submitted to Lender 2 and Financial Institution 1 for Cloud Optimization*

27. According to records provided by Lender 2, ZHANG digitally signed an application package in support of a $325,000 PPP loan for Cloud Optimization and submitted it to Lender 2 from the Zhang IP address on or about April 23, 2020.

28. Lender 2 provided the government the SBA Form 2483 submitted with the package and bearing the signature of ZHANG. To support the loan amount, the application represented that the sole proprietorship had an average monthly payroll of $130,000 and 20 employees. ZHANG also certified that Cloud Optimization "was in operation on February 15, 2020 and has employees for whom it paid salaries and payroll taxes or paid independent contractors." As described further herein, evidence obtained in the investigation demonstrates that this certification was false.

29. Lender 2 also provided the government a loan agreement signed in ZHANG's name on or about April 23, 2020, between ZHANG and Financial Institution 1. The loan agreement identified Financial Institution 1 as the lender and an FDIC-insured institution and included a certification by ZHANG that the information related to the application was complete and correct. As described further herein, evidence obtained in the investigation demonstrates that this certification was false.

30. Lender 2 has provided several documents it received in support of the application, including purported IRS records, Washington State records, and payroll detail reports from an online payroll platform. A review of those documents and records and information obtained from the IRS, DOR, ESD, SOS, and Bank of America demonstrate that the documents provided to Lender 2 were falsified and included materially false statements about Cloud Optimization's operations.

   a. The submitted application package included an IRS Notice CP 575 purporting to show that the EIN for Cloud Optimization was assigned on April 21, 2018. As described above, IRS records demonstrate that the EIN was actually assigned on April

COMPLAINT/*United States v. Baoke Zhang* - 13
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21, 2020, not 2018. Technical data encoded in the submitted Notice CP 575 file indicate the file was created on April 21, 2020, and modified on April 22, 2020.

        b.    The submitted application package included IRS Forms 941 purporting to report wages and federal payroll tax information for Cloud Optimization for each quarter of calendar year 2019. According to the form, Cloud Optimization had 20 employees in each quarter and paid approximately $394,000 to $396,000 in quarterly wages, tips, and compensation. Based on a search of available IRS records related to the EIN associated with Cloud Optimization, no such IRS Forms 941 have been submitted to the IRS.

        c.    The submitted application package included a document purporting to be a copy of a publicly available record from DOR's online business information database. According to the document provided, a business license was first issued to Cloud Optimization on or about February 8, 2018, and the entity was assigned Unique Business Identifier (UBI) number 604-601-873. Information obtained from DOR and SOS reflects that no entity named Cloud Optimization has ever been registered with the state of Washington and the UBI listed on the document does not exist.

        d.    The submitted application package included documents purporting to be records from an online payroll platform listing payroll detail records for 20 employees for calendar year 2019 and the first quarter of 2020. According to the documents submitted, Cloud Optimization incurred more than approximately $1.5 million in payroll in 2019 and more than approximately $397,128 in payroll in 2020. According to the document, expenses for many employees included payments for "WA SUI" and "WA PFML EE." Based on publicly available information, "WA SUI" is believed to refer to Washington State unemployment tax payments and "WA PFML EE" is believed to refer to Washington State paid family medical leave benefits. As described above, ESD has informed the government that it has no record of Cloud Optimization registering with the agency or making any such payments.

COMPLAINT/*United States v. Baoke Zhang* - 14
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e. The submitted application package included a document purporting to be a Bank of America statement for the period December 7, 2019, to January 8, 2020, for an account ending in 5806 in the names of ZHANG and Cloud Optimization. The record purported to show 20 separate payments to the 20 individuals listed on the payroll records provided. Records from Bank of America show that the account ending in 5806 was established in or about April 2020 in the name of "Baoke Zhang dba Baoke Zhang," with ZHANG as the sole signatory. Records from the account show no payments to anyone matching those on the fake account statement submitted to Lender 2.

31. Financial Institution 1 approved the Cloud Optimization loan application on or about May 3, 2020. On or about May 5, 2020, Financial Institution 1 attempted to transmit the $325,000 in approved funds to the account ending in 5806. On or about May 6, 2020, the money was returned before it was deposited because the account name did not match that provided to Financial Institution 1. After Financial Institution 1 learned of the government's investigation, it did not fund the loan.

*Phone Records*

32. Phone Number 1 is listed as the business phone number for the Zhang sole proprietorship and Cloud Optimization on the three loan applications and on the application for a business license for the Zhang sole proprietorship. It is also listed as ZHANG's contact number on the publicly available LinkedIn profile believed to belong to ZHANG.

33. The government has obtained phone records for Phone Number 1. Subscriber records show that the number was activated on or about March 22, 2019, and is associated with a brand that, according to publicly available information, provides pre-paid phone services using the phone service provider's network. There is no other subscriber data associated with the number.

34. On or about May 7, 2020, after the wire to Cloud Optimization was returned, the phone records for Phone Number 1 show an approximately 2.5 minute call with a toll free number associated with Lender 2. Lender 2 has provided an approximately 2.5 minute recorded call on or about May 7, 2020, between a Lender 2 representative and

COMPLAINT/*United States v. Baoke Zhang* - 15
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a male individual identifying himself on the call as "Baoke." On the call, after the Lender 2 representative asked Zhang to provide a voided check or bank statement to confirm the account to which the wire should be sent, the individual first stated he no longer wanted the loan and then stated he would discuss it with "the team."

35. On or about May 12, 2020, a recorded call was made with an individual identifying himself as "Baoke" who was using Phone Number 1. The individual refused to answer additional identification verification questions about himself. The individual confirmed that he had two loan applications outstanding with Lender 2 for the Zhang sole proprietorship and Cloud Optimization for $600,000 and $325,000, respectively, and stated he no longer needed the loans. The individual stated that he had conferred with his "legal team" and they did not feel comfortable disclosing the reason the entities no longer needed the loans. No evidence gathered in the investigation to date suggests that any attorneys or any other individuals are involved in any operations of the Zhang sole proprietorship or Cloud Optimization.

36. Based on a lay comparison of the voices of the individual identifying himself as "Baoke" on the May 7 and May 12 calls, it appears that the same male voice was speaking on both calls.

*Surveillance of ZHANG's Residence*

37. On or about May 14, 2020, Federal Bureau of Investigation special agents conducted surveillance of ZHANG's residence in Issaquah, Washington. The residence is a single-family home and is the same address at which the Zhang IP address is registered. The agents observed a male matching ZHANG's height and race and wearing glasses in the driveway of the residence and eventually entering it. According to driver's license records, ZHANG wears corrective lenses. Agents attempted to call Phone Number 1 while the male individual was in view, but the call went to voicemail. The male was not observed reaching for a cell phone or attempting to answer a call. He did, however, disappear from view on the west side of the residence during part of the attempted call.

//

COMPLAINT/*United States v. Baoke Zhang* - 16
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

38. Based on the above facts, I respectfully submit that there is probable cause to believe that BAOKE ZHANG did knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and attempting to do so, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 2.

39. Based on the above facts, I further respectfully submit that there is probable cause to believe that BAOKE ZHANG knowingly executed, and attempted to execute, a scheme to defraud Financial Institution 1, a federally insured financial institution, and obtain monies owned and under the care, custody, and control of that financial institution by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1344 and 2.

COLE ASHCRAFT, Complainant
Special Agent, TIGTA

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit, and based on the Complaint and Affidavit, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this __21st__ day of May, 2020.

MARY ALICE THEILER
United States Magistrate Judge

COMPLAINT/*United States v. Baoke Zhang* - 17
Case No.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970