Honorable Michelle L. Peterson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BAOKE ZHANG,<br><br>Defendant. | NO. MJ20-0269<br><br>GOVERNMENT'S PRELIMINARY<br>HEARING  BRIEF |

The United States of America hereby files this brief to assist the Court in conducting the scheduled preliminary hearing in this matter.  This brief provides an overview of the case law governing preliminary hearings, the probable cause standard, evidentiary matters, and disclosures.

## I.    INTRODUCTION

On May 21, 2020, the defendant, Baoke Zhang, was charged by criminal complaint with Wire Fraud, in violation of 18 U.S.C. § 1343, and Bank Fraud, in violation of 18 U.S.C. § 1344, based on allegations that he submitted fraudulent applications seeking more than $1.5 million of COVID-19 relief loans under the Paycheck Protection Program.  Dkt. 1.  The defendant was arrested on May 22, 2020, made his initial appearance the same day, and was released with conditions.  A preliminary hearing is scheduled for Friday, June 5, 2020, where the Court will determine if the charges are supported by probable cause.

Government's Preliminary Hearing Brief/ - 1
*United States v. Zhang*, MJ20-0269

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The scheduled preliminary hearing is being held within the time requirements under Rule 5.1(c) of the Federal Rules of Criminal Procedure.  The hearing will be held via WebEx, allowing for the defendant, counsel for the parties, and testimonial witnesses to appear by video.  The Court has posted a call-in line for the public to have access to the preliminary hearing.

The defendant will need to acknowledge at the hearing, on the record, that he consents to the Court conducting the hearing using video-conferencing technology via WebEx, that he will have an opportunity to consult with counsel on a separate private line, and that he may, alternatively, seek to have the preliminary hearing conducted in court, in-person, at a later date.  If he declines to consent to the hearing to be conducted by video-conferencing, the defendant will need to waive the time requirements under Rule 5.1(c) and agree the COVID-19 pandemic is an extraordinary circumstance that justifies delay to protect the health and safety of the defendant, court staff, counsel, and the public.

## II.   PROBABLE CAUSE STANDARD

At a preliminary hearing, the court's sole task is to determine whether there is "probable cause to believe an offense has been committed and the defendant committed it."  Fed. R. Crim. P. 5.1(e).  Courts routinely apply this same probable cause standard when reviewing complaints and search warrants.  Probable cause requires "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007); *see also Coleman v. Burnett*, 477 F.2d 1187, 1202 (D.C. Cir. 1973) ("Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt."); *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001) ("Probable cause exists when there is a fair probability or substantial chance of criminal activity.").  "[C]onclusive evidence of guilt is of course not necessary . . . to establish probable cause," *Lopez*, 482 F.3d at 1072, which means "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence . . . have no place

Government's Preliminary Hearing Brief/ - 2
*United States v. Zhang*, MJ20-0269

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    in the probable-cause decision. . . .  All we have required is the kind of 'fair probability'

2    on which 'reasonable and prudent people, not legal technicians, act.'"  *Florida v. Harris*,

3    568 U.S. 237, 243-44 (2013) (citations omitted).

4         In evaluating probable cause, courts consider the totality of the circumstances.

5    *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  Under this standard, courts must consider "the

6    whole picture," rather than viewing individual facts "in isolation."  *District of Columbia v.*

7    *Wesby*, 138 S. Ct. 577, 588 (2018).  Accordingly, "[i]t is not uncommon for seemingly

8    innocent conduct to provide the basis for probable cause."  *United States v. Rodriguez*, 869

9    F.2d 479, 483 (9th Cir. 1989); *see also United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir.

10   1995) ("[O]bservations of conduct consistent with drug trafficking, even though apparently

11   innocuous, can give rise to probable cause.").  A magistrate judge presiding over a

12   preliminary hearing can "legitimately find probable cause while personally entertaining

13   some reservations."  *Coleman*, 477 F.2d at 1202.

14                           III.    THE CHARGED OFFENSES

15        Here, the defendant is charged by complaint with two offenses, wire fraud, 18

16   U.S.C. § 1343, and bank fraud, 18 U.S.C. § 1344(2).

17        An individual commits wire fraud when he, "having devised or intending to devise

18   any scheme or artifice to defraud . . . transmits or causes to be transmitted by means of wire

19   . . . communication in interstate or foreign commerce, any writings, signs, signals, pictures,

20   or sounds for the purpose of executing such scheme or artifice." 18 U.S.C. § 1343.

21   Accordingly, to sustain the charge of wire fraud, the Court must find probable cause to

22   believe 1) the defendant "knowingly participated in, devised, or intended to devise a

23   scheme or plan to defraud, or a scheme or plan for obtaining money or property by means

24   of false or fraudulent pretenses, representations, or promises, or omitted facts"; 2) "the

25   statements made or facts omitted as part of the scheme were material; that is, they had a

26   natural tendency to influence, or were capable of influencing, a person to part with money

27   or property"; 3) "the defendant acted with the intent to defraud, that is, the intent to deceive

28   or cheat"; and 4) "the defendant used, or caused to be used, an interstate wire

Government's Preliminary Hearing Brief/ - 3
*United States v. Zhang*, MJ20-0269

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

communication to carry out or attempt to carry out an essential part of the scheme." 9th Cir. Model Crim. Jury Instr. 8.124 (Wire Fraud); *see also United States v. Pelisamen*, 641 F.3d 399, 409 (9th Cir. 2011). A wire communication is "in furtherance" of a fraudulent scheme if it is "incident to the execution of the scheme." *United States v. Lo*, 231 F.3d 471, 478 (9th Cir. 2000).

Here, as alleged in the complaint and as the government expects the evidence will show at the preliminary hearing, there is probable cause to believe the defendant executed a scheme to defraud COVID-19 relief Paycheck Protection Program (PPP) lenders by submitting applications with several material false statements. For example, the defendant falsely certified the businesses for which he sought loans had been in operation and had employees as of February 15, 2020, as required for businesses to be eligible to receive PPP loans. In fact, the defendant established the businesses in April 2020, just a few days before the defendant applied for the loans, and the businesses had no employees. In addition, as alleged in the complaint, the defendant falsified and created fake IRS forms, payroll records, and at least one bank statement that made it appear as if the businesses had been established years before, paid salaries to employees, and paid federal and state taxes on employee wages. The defendant transmitted these materials to the lenders by interstate wire from his residence in Issaquah, Washington.

An individual commits bank fraud when he "knowingly executes, or attempts to execute, a scheme or artifice . . . to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1344(2). Accordingly, to sustain the charge of bank fraud, the Court must find probable cause to believe 1) "the defendant knowingly carried out a scheme or plan to obtain money or property from [a financial institution] by making false statements or promises"; 2) "the defendant knew that the statements or promises were false"; 3) "the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property"; 4) "the

defendant acted with the intent to defraud"; and 5) the financial institution is one meeting the definition of that term under 18 U.S.C. § 20.  9th Cir. Model Crim. Jury Instr. 8.127 (Bank Fraud); *see also Loughrin v. United States*, 573 U.S. 351, 355-56 (2014) (noting bank fraud under 18 U.S.C. § 1344(2) is a scheme or artifice "with at least two elements. First, the clause requires that the defendant intend 'to obtain any of the moneys . . . or other property owned by, or under the custody or control of, a financial institution.' . . . And second, the clause requires that the envisioned result—i.e., the obtaining of bank property—occur 'by means of false or fraudulent pretenses, representations, or promises.'").  Under subsection 2 of the bank fraud statute, the subsection charged here, the defendant does not need to have the intent to deceive the financial institution.  The defendant merely must have the intent to obtain the financial institution's property by means of deceit. *Loughrin*, 573 U.S. at 356-57.

Here, as alleged in the complaint and as the government expects the evidence to demonstrate at the preliminary hearing, there is probable cause to believe at least part of the defendant's scheme described above also constituted bank fraud because he submitted his material false statements to obtain property of a federally insured financial institution. Indeed, for two of the loans for which he applied, the defendant signed loan notes with WebBank, a federally insured financial institution, that acknowledged it was the lender and FDIC-insured and in which the defendant certified the information he had provided with the loan applications were complete and correct.

## IV.   EVIDENTIARY MATTERS

The government plans to have FBI Special Agent Kathleen Moran testify at the preliminary hearing.  Special Agent Moran assisted the complaint affiant, U.S. Treasury Inspector General for Tax Administration Special Agent Cole Ashcraft, with the investigation in this matter, and is familiar with the facts stated in the complaint.  Based on her familiarity with the investigation, Special Agent Moran will attest that, to the best of her knowledge, the facts contained in the complaint are true and correct.

Government's Preliminary Hearing Brief/ - 5
*United States v. Zhang*, MJ20-0269

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

To assist the Court, the government addresses the following legal issues that may arise at the hearing in relation to Special Agent Moran's testimony and any additional evidence or argument the parties may offer.

A.     *Hearsay is admissible.*

The Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal case." Fed. R. Evid. 1101(d)(3).  Hearsay is admissible, therefore, at preliminary hearings.  *See, e.g.*, *Santos v. Thomas*, 830 F.3d 987, 991 (9th Cir. 2016) ("In probable cause hearings under American law, the evidence taken need not meet the standards for admissibility at trial.  Indeed, at a preliminary hearing in federal court a finding of probable cause may be based upon hearsay in whole or in part." (internal quotation marks omitted)); *Peterson v. California*, 604 F.3d 1166, 1171 n.4 (9th Cir. 2010) (the Fourth Amendment permits a determination of probable cause at a preliminary hearing based on hearsay testimony).  Presentation of hearsay at a preliminary hearing also poses no Confrontation Clause problem, because the Confrontation Clause is a trial right.  *Peterson*, 604 F.3d at 1169-70.

B.     *Suppression arguments are premature*.

At a preliminary hearing, the defendant "may not object to evidence on the ground that it was unlawfully acquired." Fed. R. Crim. P. 5.1(e).  Thus, a defendant may not raise arguments that evidence should be suppressed.  *See, e.g., Giordenello v. United States*, 357 U.S. 480, 484 (1958); *United States v. Olender*, 2000 WL 977295, at *3 (E.D. Mich. May 26, 2000).

C.     *Cross-examination is limited*.

Because the only purpose of the preliminary hearing is to determine probable cause, the scope of cross-examination of government witnesses is limited.  "Cross-examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceeding[.]"  *Coleman*, 477 F.2d at 1201.  Defense counsel may not use cross-examination to go "on an impermissible quest for discovery."  *Id*.  Moreover, cross-examination questions directed to potential suppression

Government's Preliminary Hearing Brief/ - 6
*United States v. Zhang*, MJ20-0269

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   arguments would be outside the scope of the preliminary hearing.  In addition to the special

2   limitations for preliminary hearings, "cross-examination is properly to be limited at

3   preliminary hearing, as at trial, to the scope of the witness' direct examination." *Coleman*,

4   477 F.2d at 1201.

5   IV.   <u>DISCOVERY DISCLOSURES</u>

6   A preliminary hearing "does not include discovery for the sake of discovery."

7   *Coleman*, 477 F.2d at 1199–200; *see also Robbins v. United States*, 476 F.2d 26, 32 (10th

8   Cir. 1973) ("[A] preliminary hearing is not designed for the purpose of affording discovery

9   for an accused."); *United States v. Begaye*, 236 F.R.D. 448, 454 (D. Ariz. 2006) ("[T]he

10  rules of discovery found in Rule 16, Federal Rules of Criminal Procedure, are not

11  applicable to preliminary hearings.").  Rather, Rule 5.1 directs the parties to make certain

12  limited disclosures.  Specifically, the parties are required to produce the statements of the

13  witnesses whom they call to testify at the preliminary hearing.  Fed. R. Crim. P. 5.1(h),

14  26.2.

15  Statements must be produced only if they "relate[] to the subject matter of the

16  witness's testimony" and are (i) made, signed, or otherwise adopted and approved by the

17  witness; (ii) a verbatim recital of a witness's oral statement; or (iii) the witness's grand jury

18  statement.  Fed. R. Crim. P. 26.2(f).  Here, the discoverable material consists of Special

19  Agent Moran's various law enforcement reports and notes, which the government has

20  produced to the defendant.  In addition, although not required, at the request of defense

21  counsel, the government has also produced the defendant's recorded statement made at the

22  time of the defendant's arrest.  As discussed above, inquiry into the circumstances and

23  //

24  //

25

26

27

28

Government's Preliminary Hearing Brief/ - 7
*United States v. Zhang*, MJ20-0269

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

admissibility of this statement is not appropriate at the preliminary hearing because it is beyond the scope of establishing probable cause for the charged offenses.

DATED this 4th day of June, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

ROBERT ZINK
Chief, Fraud Section
U.S. Department of Justice

*s/ Brian Werner*
BRIAN WERNER
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone:   (206) 553-2389
E-mail:  Brian.Werner@usdoj.gov

*s/ Amanda R. Vaughn*
AMANDA R. VAUGHN
Trial Attorney
1400 New York Ave. NW
Washington, D.C. 20005
Telephone:   (202) 616-4530
Fax:              (202) 514-0152
E-mail:  Amanda.Vaughn@usdoj.gov

Government's Preliminary Hearing Brief/ - 8
*United States v. Zhang*, MJ20-0269

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

*s/Anna Chang*
ANNA CHANG
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone:   (206) 553-7970

Government's Preliminary Hearing Brief/ - 9
*United States v. Zhang*, MJ20-0269

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970